1

2

3 **UNITED STATES DISTRICT COURT**

4 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

5

6 ARABELLA HOGG,                              Case No. 2:19-cv-10369-DSF-GJS

7         Plaintiff,

8     v.                                      **ORDER RE: STIPULATED**
                                              **PROTECTIVE ORDER**
9 TARGET CORPORATION; and DOES
  1 to 10 inclusive,
10
          Defendants.
11

12 1.    A. PURPOSES AND LIMITATIONS

13        Discovery in this action is likely to involve production of confidential,

14 proprietary or private information for which special protection from public

15 disclosure and from use for any purpose other than prosecuting this litigation may

16 be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

17 enter the following Stipulated Protective Order.  The parties acknowledge that this

18 Order does not confer blanket protections on all disclosures or responses to

19 discovery and that the protection it affords from public disclosure and use extends

20 only to the limited information or items that are entitled to confidential treatment

21 under the applicable legal principles.

22        B. GOOD CAUSE STATEMENT

23         This action is likely to involve trade secrets, customer and pricing lists and

24 other valuable research, development, commercial, financial, technical and/or

25 proprietary information for which special protection from public disclosure and

26 form use for any purpose other than prosecution of this action is warranted. Such

27 confidential and proprietary materials and information consist of, among other

28 things, confidential business or financial information, information regarding

1
**ORDER RE: STIPULATED PROTECTIVE ORDER**

1  confidential business practices, or other confidential research, development, or

2  commercial information (including information implicating privacy rights of third

3  parties), information otherwise generally unavailable to the public, or which may be

4  privileged or otherwise protected from disclosure under state or federal statutes,

5  court rules, case decisions, or common law.  Accordingly, to expedite the flow of

6  information, to facilitate the prompt resolution of disputes over confidentiality of

7  discovery materials, to adequately protect information the parties are entitled to keep

8  confidential, to ensure that the parties are permitted reasonable necessary uses of

9  such material in preparation for and in the conduct of trial, to address their handling

10  at the end of the litigation, and serve the ends of justice, a protective order for such

11  information is justified in this matter.  It is the intent of the parties that information

12  will not be designated as confidential for tactical reasons and that nothing be so

13  designated without a good faith belief that it has been maintained in a confidential,

14  non-public manner, and there is good cause why it should not be part of the public

15  record of this case.

16      C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

17      The parties further acknowledge, as set forth in Section 12.3, below, that this

18  Stipulated Protective Order does not entitle them to file confidential information

19  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

20  and the standards that will be applied when a party seeks permission from the court

21  to file material under seal.

22      There is a strong presumption that the public has a right of access to judicial

23  proceedings and records in civil cases.  In connection with non-dispositive motions,

24  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

25  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

26  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

27  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

28  require good cause showing), and a specific showing of good cause or compelling

1  reasons with proper evidentiary support and legal justification, must be made with

2  respect to Protected Material that a party seeks to file under seal.  The parties' mere

3  designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

4  without the submission of competent evidence by declaration, establishing that the

5  material sought to be filed under seal qualifies as confidential, privileged, or

6  otherwise protectable—constitute good cause.

7        Further, if a party requests sealing related to a dispositive motion or trial, then

8  compelling reasons, not only good cause, for the sealing must be shown, and the

9  relief sought shall be narrowly tailored to serve the specific interest to be protected.

10  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

11  each item or type of information, document, or thing sought to be filed or introduced

12  under seal in connection with a dispositive motion or trial, the party seeking

13  protection must articulate compelling reasons, supported by specific facts and legal

14  justification, for the requested sealing order.  Again, competent evidence supporting

15  the application to file documents under seal must be provided by declaration.

16        Any document that is not confidential, privileged, or otherwise protectable in

17  its entirety will not be filed under seal if the confidential portions can be redacted.

18  If documents can be redacted, then a redacted version for public viewing, omitting

19  only the confidential, privileged, or otherwise protectable portions of the document,

20  shall be filed.  Any application that seeks to file documents under seal in their

21  entirety should include an explanation of why redaction is not feasible.

22  **2.**     DEFINITIONS

23        2.1     Action: *Arabella Hogg v. Target Corporation*

24        2.2     Challenging Party:  a Party or Non-Party that challenges the

25  designation of information or items under this Order.

26        2.3     "CONFIDENTIAL" Information or Items:  information (regardless of

27  how it is generated, stored or maintained) or tangible things that qualify for

28  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

ORDER RE: STIPULATED PROTECTIVE ORDER

1 the Good Cause Statement.

2      2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as

3 their support staff).

4      2.5     Designating Party:  a Party or Non-Party that designates information or

5 items that it produces in disclosures or in responses to discovery as

6 "CONFIDENTIAL."

7      2.6     Disclosure or Discovery Material:  all items or information, regardless

8 of the medium or manner in which it is generated, stored, or maintained (including,

9 among other things, testimony, transcripts, and tangible things), that are produced or

10 generated in disclosures or responses to discovery in this matter.

11      2.7     Expert:  a person with specialized knowledge or experience in a matter

12 pertinent to the litigation who has been retained by a Party or its counsel to serve as

13 an expert witness or as a consultant in this Action.

14      2.8     House Counsel:  attorneys who are employees of a party to this Action.

15 House Counsel does not include Outside Counsel of Record or any other outside

16 counsel.

17      2.9     Non-Party:  any natural person, partnership, corporation, association or

18 other legal entity not named as a Party to this action.

19      2.10    Outside Counsel of Record:  attorneys who are not employees of a

20 party to this Action but are retained to represent or advise a party to this Action and

21 have appeared in this Action on behalf of that party or are affiliated with a law firm

22 that has appeared on behalf of that party, and includes support staff.

23      2.11    Party:  any party to this Action, including all of its officers, directors,

24 employees, consultants, retained experts, and Outside Counsel of Record (and their

25 support staffs).

26      2.12    Producing Party:  a Party or Non-Party that produces Disclosure or

27 Discovery Material in this Action.

28      2.13    Professional Vendors:  persons or entities that provide litigation

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

2   demonstrations, and organizing, storing, or retrieving data in any form or medium)

3   and their employees and subcontractors.

4         2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

5   designated as "CONFIDENTIAL."

6         2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

7   Material from a Producing Party.

8   3.   <u>SCOPE</u>

9         The protections conferred by this Stipulation and Order cover not only

10   Protected Material (as defined above), but also (1) any information copied or

11   extracted from Protected Material; (2) all copies, excerpts, summaries, or

12   compilations of Protected Material; and (3) any testimony, conversations, or

13   presentations by Parties or their Counsel that might reveal Protected Material.

14         Any use of Protected Material at trial shall be governed by the orders of the

15   trial judge.  This Order does not govern the use of Protected Material at trial.

16   4.   <u>DURATION</u>

17         FINAL DISPOSITION of the action is defined as the conclusion of any

18   appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

19   has run.  Except as set forth below, the terms of this protective order apply through

20   FINAL DISPOSITION of the action.  The parties may stipulate that the they will be

21   contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

22   but will have to file a separate action for enforcement of the agreement once all

23   proceedings in this case are complete.

24         Once a case proceeds to trial, information that was designated as

25   CONFIDENTIAL or maintained pursuant to this protective order used or introduced

26   as an exhibit at trial becomes public and will be presumptively available to all

27   members of the public, including the press, unless compelling reasons supported by

28   specific factual findings to proceed otherwise are made to the trial judge in advance

ORDER RE: STIPULATED PROTECTIVE ORDER

1  of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

2  showing for sealing documents produced in discovery from "compelling reasons"

3  standard when merits-related documents are part of court record). Accordingly, for

4  such materials, the terms of this protective order do not extend beyond the

5  commencement of the trial.

6  5.      DESIGNATING PROTECTED MATERIAL

7         5.1     Exercise of Restraint and Care in Designating Material for Protection.

8  Each Party or Non-Party that designates information or items for protection under

9  this Order must take care to limit any such designation to specific material that

10 qualifies under the appropriate standards. The Designating Party must designate for

11 protection only those parts of material, documents, items or oral or written

12 communications that qualify so that other portions of the material, documents, items

13 or communications for which protection is not warranted are not swept unjustifiably

14 within the ambit of this Order.

15        Mass, indiscriminate or routinized designations are prohibited. Designations

16 that are shown to be clearly unjustified or that have been made for an improper

17 purpose (e.g., to unnecessarily encumber the case development process or to impose

18 unnecessary expenses and burdens on other parties) may expose the Designating

19 Party to sanctions.

20        If it comes to a Designating Party's attention that information or items that it

21 designated for protection do not qualify for protection, that Designating Party must

22 promptly notify all other Parties that it is withdrawing the inapplicable designation.

23        5.2     Manner and Timing of Designations. Except as otherwise provided in

24 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

25 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

26 under this Order must be clearly so designated before the material is disclosed or

27 produced.

28        Designation in conformity with this Order requires:

6

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1    (a)  for information in documentary form (e.g., paper or electronic documents,

2  but excluding transcripts of depositions or other pretrial or trial proceedings), that

3  the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

4  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

5  portion of the material on a page qualifies for protection, the Producing Party also

6  must clearly identify the protected portion(s) (e.g., by making appropriate markings

7  in the margins).

8    A Party or Non-Party that makes original documents available for inspection

9  need not designate them for protection until after the inspecting Party has indicated

10  which documents it would like copied and produced.  During the inspection and

11  before the designation, all of the material made available for inspection shall be

12  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

13  documents it wants copied and produced, the Producing Party must determine which

14  documents, or portions thereof, qualify for protection under this Order.  Then,

15  before producing the specified documents, the Producing Party must affix the

16  "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

17  portion of the material on a page qualifies for protection, the Producing Party also

18  must clearly identify the protected portion(s) (e.g., by making appropriate markings

19  in the margins).

20    (b)  for testimony given in depositions that the Designating Party identifies

21  the Disclosure or Discovery Material on the record, before the close of the

22  deposition all protected testimony.

23    (c)  for information produced in some form other than documentary and for

24  any other tangible items, that the Producing Party affix in a prominent place on the

25  exterior of the container or containers in which the information is stored the legend

26  "CONFIDENTIAL."  If only a portion or portions of the information warrants

27  protection, the Producing Party, to the extent practicable, shall identify the protected

28  portion(s).

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1      5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

2   failure to designate qualified information or items does not, standing alone, waive

3   the Designating Party's right to secure protection under this Order for such material.

4   Upon timely correction of a designation, the Receiving Party must make reasonable

5   efforts to assure that the material is treated in accordance with the provisions of this

6   Order.

7   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

8      6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

9   designation of confidentiality at any time that is consistent with the Court's

10   Scheduling Order.

11      6.2     Meet and Confer.  The Challenging Party shall initiate the dispute

12   resolution process under Local Rule 37.1 et seq.

13      6.3     The burden of persuasion in any such challenge proceeding shall be on

14   the Designating Party.  Frivolous challenges, and those made for an improper

15   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

16   parties) may expose the Challenging Party to sanctions.  Unless the Designating

17   Party has waived or withdrawn the confidentiality designation, all parties shall

18   continue to afford the material in question the level of protection to which it is

19   entitled under the Producing Party's designation until the Court rules on the

20   challenge.

21   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

22      7.1     Basic Principles.  A Receiving Party may use Protected Material that is

23   disclosed or produced by another Party or by a Non-Party in connection with this

24   Action only for prosecuting, defending or attempting to settle this Action.  Such

25   Protected Material may be disclosed only to the categories of persons and under the

26   conditions described in this Order.  When the Action has been terminated, a

27   Receiving Party must comply with the provisions of section 13 below (FINAL

28   DISPOSITION).

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1    Protected Material must be stored and maintained by a Receiving Party at a

2  location and in a secure manner that ensures that access is limited to the persons

3  authorized under this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

5  otherwise ordered by the court or permitted in writing by the Designating Party, a

6  Receiving Party may disclose any information or item designated

7  "CONFIDENTIAL" only to:

8    (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

9  as employees of said Outside Counsel of Record to whom it is reasonably necessary

10  to disclose the information for this Action;

11    (b)  the officers, directors, and employees (including House Counsel) of the

12  Receiving Party to whom disclosure is reasonably necessary for this Action;

13    (c)  Experts (as defined in this Order) of the Receiving Party to whom

14  disclosure is reasonably necessary for this Action and who have signed the

15  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16    (d)  the court and its personnel;

17    (e)  court reporters and their staff;

18    (f)  professional jury or trial consultants, mock jurors, and Professional

19  Vendors to whom disclosure is reasonably necessary for this Action and who have

20  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21    (g)  the author or recipient of a document containing the information or a

22  custodian or other person who otherwise possessed or knew the information;

23    (h)  during their depositions, witnesses, and attorneys for witnesses, in the

24  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

25  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

26  not be permitted to keep any confidential information unless they sign the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

28  agreed by the Designating Party or ordered by the court.  Pages of transcribed

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1   deposition testimony or exhibits to depositions that reveal Protected Material may

2   be separately bound by the court reporter and may not be disclosed to anyone except

3   as permitted under this Stipulated Protective Order; and

4          (i)  any mediator or settlement officer, and their supporting personnel,

5   mutually agreed upon by any of the parties engaged in settlement discussions.

6   8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

7           <u>PRODUCED IN OTHER LITIGATION</u>

8          If a Party is served with a subpoena or a court order issued in other litigation

9   that compels disclosure of any information or items designated in this Action as

10  "CONFIDENTIAL," that Party must:

11         (a)  promptly notify in writing the Designating Party.  Such notification shall

12  include a copy of the subpoena or court order;

13         (b)  promptly notify in writing the party who caused the subpoena or order to

14  issue in the other litigation that some or all of the material covered by the subpoena

15  or order is subject to this Protective Order.  Such notification shall include a copy of

16  this Stipulated Protective Order; and

17         (c)  cooperate with respect to all reasonable procedures sought to be pursued

18  by the Designating Party whose Protected Material may be affected.

19         If the Designating Party timely seeks a protective order, the Party served with

20  the subpoena or court order shall not produce any information designated in this

21  action as "CONFIDENTIAL" before a determination by the court from which the

22  subpoena or order issued, unless the Party has obtained the Designating Party's

23  permission.  The Designating Party shall bear the burden and expense of seeking

24  protection in that court of its confidential material and nothing in these provisions

25  should be construed as authorizing or encouraging a Receiving Party in this Action

26  to disobey a lawful directive from another court.

27  ///

28  ///

10

**ORDER RE: STIPULATED PROTECTIVE ORDER**

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS LITIGATION

        (a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

                (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

                (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

                (3)  make the information requested available for inspection by the Non-Party, if requested.

        (c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.
///

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED

2           MATERIAL

3           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4    Protected Material to any person or in any circumstance not authorized under this

5    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

6    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

7    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

8    persons to whom unauthorized disclosures were made of all the terms of this Order,

9    and (d) request such person or persons to execute the "Acknowledgment and

10   Agreement to Be Bound" that is attached hereto as Exhibit A.

11   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR

12           OTHERWISE PROTECTED MATERIAL

13           When a Producing Party gives notice to Receiving Parties that certain

14   inadvertently produced material is subject to a claim of privilege or other protection,

15   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

16   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

17   procedure may be established in an e-discovery order that provides for production

18   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

19   (e), insofar as the parties reach an agreement on the effect of disclosure of a

20   communication or information covered by the attorney-client privilege or work

21   product protection, the parties may incorporate their agreement in the stipulated

22   protective order submitted to the court.

23   12.    MISCELLANEOUS

24           12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

25   person to seek its modification by the Court in the future.

26           12.2    Right to Assert Other Objections.  By stipulating to the entry of this

27   Protective Order, no Party waives any right it otherwise would have to object to

28   disclosing or producing any information or item on any ground not addressed in this

**ORDER RE: STIPULATED PROTECTIVE ORDER**

1 | Stipulated Protective Order.  Similarly, no Party waives any right to object on any

2 | ground to use in evidence of any of the material covered by this Protective Order.

3 |       12.3   Filing Protected Material.  A Party that seeks to file under seal any

4 | Protected Material must comply with Local Civil Rule 79-5.  Protected Material

5 | may only be filed under seal pursuant to a court order authorizing the sealing of the

6 | specific Protected Material at issue.  If a Party's request to file Protected Material

7 | under seal is denied by the court, then the Receiving Party may file the information

8 | in the public record unless otherwise instructed by the court.

9 | 13.    <u>FINAL DISPOSITION</u>

10 |       After the final disposition of this Action, as defined in paragraph 4, within 60

11 | days of a written request by the Designating Party, each Receiving Party must return

12 | all Protected Material to the Producing Party or destroy such material.  As used in

13 | this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14 | summaries, and any other format reproducing or capturing any of the Protected

15 | Material.  Whether the Protected Material is returned or destroyed, the Receiving

16 | Party must submit a written certification to the Producing Party (and, if not the same

17 | person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

18 | (by category, where appropriate) all the Protected Material that was returned or

19 | destroyed and (2) affirms that the Receiving Party has not retained any copies,

20 | abstracts, compilations, summaries or any other format reproducing or capturing any

21 | of the Protected Material. Notwithstanding this provision, Counsel are entitled to

22 | retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

23 | transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

24 | reports, attorney work product, and consultant and expert work product, even if such

25 | materials contain Protected Material.  Any such archival copies that contain or

26 | constitute Protected Material remain subject to this Protective Order as set forth in

27 | Section 4 (DURATION).

28 | ///

**ORDER RE: STIPULATED PROTECTIVE ORDER**

**14.   VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: January 22, 2021      _____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

**ORDER RE: STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of Arabella Hogg v. Target Corporation, et al., Case No. Case

No. 2:19-cv-10369-DSF-GJS. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

    Signature: _____

_____15_____

**ORDER RE: STIPULATED PROTECTIVE ORDER**